**WALKER v. BD. OF TRUSTEES OF THE N.C. LOCAL GOV'T. EMP. RET. SYS.**

[348 N.C. 63 (1998)]

JAMES E. WALKER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF SARAH S. WALKER, PETITIONER v. THE BOARD OF TRUSTEES OF THE NORTH CAROLINA LOCAL GOVERNMENTAL EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT

No. 482PA97

(Filed 3 April 1998)

**1. Administrative Law and Procedure § 65 (NCI4th)— interpretation of statutory term—de novo review**

When the issue on appeal is whether a state agency erred in interpreting a statutory term, an error of law is asserted, and an appellate court may employ *de novo* review.

**2. Retirement § 10 (NCI4th)— local government employee— death benefit—employment terminated upon retirement— last day of service**

Under the statutory death benefit plan for local government employees, when an employee retires, that employee's "employment has been terminated" within the meaning of N.C.G.S. § 128-27(1)(2)(a). As such, the retired employee's last day of actual service is the "last day the [employee] actually worked." N.C.G.S. § 128-27(1)(2)(a).

**3. Retirement § 10 (NCI4th)— local government employee— death benefit—disability retirement—death not within 180 days of last day worked**

Petitioner's decedent terminated her employment within the meaning and intent of N.C.G.S. § 128-27(1)(2)(a) when she went on disability retirement. Because decedent's employment had been terminated at the time of her death, petitioner was not entitled to receive the statutory death benefit where decedent died more than 180 days from the last day she actually worked. N.C.G.S. § 128-27(1)(2)(a).

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 127 N.C. App. 156, 487 S.E.2d 839 (1997), reversing an order entered by Gray, J., at the 29 January 1996 Civil Session of Superior Court, Mecklenburg County, that reversed a final agency decision and remanded for reinstatement of the Administrative Law Judge's recommended decision. Heard in the Supreme Court 10 March 1998.

WALKER v. BD. OF TRUSTEES OF THE N.C. LOCAL GOV'T. EMP. RET. SYS.

[348 N.C. 63 (1998)]

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by John W. Gresham, for petitioner-appellant.*

*Michael F. Easley, Attorney General, by Alexander McC. Peters, Special Deputy Attorney General, for respondent-appellee.*

WHICHARD, Justice.

On 5 October 1993 James E. Walker, petitioner, filed a petition for a contested case hearing with the Office of Administrative Hearings. Petitioner challenged a decision of the Board of Trustees of the North Carolina Local Governmental Employees' Retirement System (the Board) denying petitioner a benefit based upon the death of his wife while in local government service.

Petitioner's wife began work for Mecklenburg County in December 1977. Thirteen years later she was diagnosed with cancer. She last worked for Mecklenburg County on 1 June 1990. On that date she went on paid sick leave. On 12 March 1991 with .23 of a day of paid sick leave remaining, petitioner's wife went on medical leave without pay.

On 17 June 1991 petitioner's wife applied for disability retirement; this application was approved effective 1 August 1991. Petitioner's wife received a final compensation payment, including compensation for .23 of a day of paid sick leave, on 31 July 1991. She died 18 October 1991. Petitioner sought a statutory death benefit under N.C.G.S. § 128-27(1) following his wife's death. The Board denied this benefit. Petitioner challenged this decision.

After a hearing, Administrative Law Judge (ALJ) Brenda Becton recommended that respondent Board award the death benefit to petitioner. The Board rejected the recommendation and entered a final agency decision in its favor. Petitioner sought judicial review of the Board's decision in the Superior Court, Mecklenburg County. Judge Marvin K. Gray entered an order reversing the final agency decision and remanding the matter for reinstatement of the ALJ's recommended decision. The Court of Appeals reversed that order. *Walker v. Board of Trustees of the N.C. Local Governmental Employees' Retirement Sys.*, 127 N.C. App. 156, 487 S.E.2d 839 (1997). The Court of Appeals concluded that although the trial court properly interpreted N.C.G.S. § 128-27(1), the statutory death benefit plan for county employees, such that retirement did not "terminate" employment within the meaning of the statute, the court improperly calculated decedent's "last day of actual service" under the statute. Thus,

WALKER v. BD. OF TRUSTEES OF THE N.C. LOCAL GOV'T. EMP. RET. SYS.

[348 N.C. 63 (1998)]

the Court of Appeals held that no death benefit was due to petitioner under N.C.G.S. § 128-27(1). *Id.* at 161, 487 S.E.2d at 842. This Court granted petitioner's petition for discretionary review.

[1] Article 4 of chapter 150B of the North Carolina General Statutes governs judicial review of the Board's administrative decisions and provides that courts may review an agency's decision when that decision is "[a]ffected by . . . error of law." N.C.G.S. § 150B-51(b)(4) (1995). When the issue on appeal is whether a state agency erred in interpreting a statutory term, an error of law is asserted, and an appellate court may employ *de novo* review. *In re Appeal of N.C. Savings & Loan League*, 302 N.C. 458, 465, 276 S.E.2d 404, 410 (1981). Here, we address two such issues of statutory interpretation. First, does retirement "terminate" employment under N.C.G.S. § 128-27(1)? Second, when was decedent's "last day of actual service" under N.C.G.S. § 128-27(1)(2)?

N.C.G.S. § 128-27(1) details the terms of the "Death Benefit Plan" available to employees of counties within North Carolina. This legislation permits payment of a death benefit to the beneficiary of a member of the Death Benefit Plan who dies "within 180 days from the last day of [the member's] actual service." N.C.G.S. § 128-27(1) (1991).[1] The "[l]ast day of actual service shall be: a. When employment has been terminated, the last day the member actually worked[; or] b. When employment has not been terminated, the date on which an absent member's sick and annual leave expire." N.C.G.S. § 128-27(1)(2).

Petitioner contends that his wife's retirement did not terminate her employment and that her last day of actual service was 31 July 1991, the date on which her sick and annual leave expired under N.C.G.S. § 128-27(1)(2)(b). The Board asserts that the decedent's retirement terminated her employment and that her last day of actual service was 1 June 1990, the last day she actually worked under N.C.G.S. § 128-27(1)(2)(a). We agree with the Board.

"In resolving issues of statutory construction, we look first to the language of the statute itself." *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996). It is a well-established rule of statutory construction that " '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without

---

1. There are later versions of this statute. This is the version that was in effect at the time of petitioner's decedent's death and is thus the controlling one.

WALKER v. BD. OF TRUSTEES OF THE N.C. LOCAL GOV'T. EMP. RET. SYS.

[348 N.C. 63 (1998)]

power to interpolate, or superimpose, provisions and limitations not contained therein.' " *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong's North Carolina Index 2d *Statutes* § 5 (1968)).

The word "terminate" is undefined in chapter 128 of the North Carolina General Statutes. As this word is unambiguous, however, we accord it its plain meaning. *Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995). Terminate means "[t]o put an end to; to make to cease; to end." *Black's Law Dictionary* 1471 (6th ed. 1990). When "employment has been terminated" under N.C.G.S. § 128-27(1)(2)(a), employment has ended. Likewise, when "employment has not been terminated" under N.C.G.S. § 128-27(1)(2)(b), employment has not ended.

Retirement ends employment. *See Pritchett v. Clapp*, 288 N.C. 329, 337, 218 S.E.2d 406, 411 (1975) (recognizing that "any cessation of employment . . . includ[ing] resignation, discharge, disability and service retirement" constitutes a "termination from service" as an employee). Retirees do not actively serve their employers. They maintain no employment responsibilities. Rather, they "withdraw[] from active service," N.C.G.S. § 128-21(19) (1991), and terminate their employment obligations.

[2] Thus, under the plain meaning of N.C.G.S. § 128-27(1)(2)(a), when an employee retires, that employee's "employment has been terminated." As such, the retired employee's last day of actual service is "the last day the [employee] actually worked." N.C.G.S. § 128-27(1)(2)(a).

[3] Here, petitioner's decedent terminated her employment within the meaning and intent of N.C.G.S. § 128-27(1)(2)(a) when she went on disability retirement effective 1 August 1991. Because decedent's "employment had been terminated" at the time of her death on 18 October 1991, petitioner could receive the statutory death benefit only if his decedent died within 180 days from 1 June 1990, "the last day [decedent] actually worked." N.C.G.S. § 128-27(1)(2)(a). Well over 180 days expired between 1 June 1990, the last day decedent actually worked, and 18 October 1991, the date decedent died. Thus, although we disagree with the reasoning of the Court of Appeals, for the reasons stated herein, we affirm its conclusion that petitioner cannot recover a death benefit under N.C.G.S. § 128-27(1).

AFFIRMED.