HSI NORTH CAROLINA, LLC, D/B/A HUGHES SUPPLY, INC., PLAINTIFF V. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC., JOHN W. WHEELER, III, N.C. MONROE CONSTRUCTION COMPANY, AND TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, DEFENDANTS

No. COA04-678

(Filed 19 April 2005)

**1. Public Works— state construction project—payment bond—materials supplied to second-tier subcontractor**

Defendants' motion for summary judgment was properly denied where plaintiff was seeking payment for materials supplied to a second-tier subcontractor on a State Ports project. The plain language of N.C.G.S. § 44A-25, which controls payment and performance bonds for state construction contracts, includes first and second-tier subcontractors.

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

### 2. Estoppel— recovery of unpaid debt by subcontractor— timely notice

Plaintiff was not estopped from recovery of an unpaid debt for materials furnished to a subcontractor on a State Ports project where plaintiff's notice to the prime contractor of the subcontractor's failure to pay was timely given according to statutory requirements. The Legislature instituted specific time limitations for notification to provide certainty for all parties for claims upon a payment bond; less definite requirements for notification would create uncertainty and undermine the statutory scheme.

### 3. Estoppel— defense of collusion—not affirmatively pled

Defendants waived the defense of estoppel by collusion by not affirmatively setting it forth in their original or amended answer in an action to collect unpaid debts from material furnished to a subcontractor on a State Ports project. Even if their position was properly asserted, defendants did not show factual evidence that plaintiff acquiesced to false representations by the subcontractor (there was no abuse of discretion in the exclusion of an affidavit submitted less than two business days before the hearing).

### 4. Accord and Satisfaction— construction claim—debt specifically exempted

A defense of accord and satisfaction was properly rejected in a construction claim where plaintiff specifically omitted this debt in the agreement.

### 5. Civil Procedure— summary judgment—continuance

There was no abuse of discretion in the denial of defendants' motion to continue a summary judgment hearing on a State Ports construction claim.

Appeal by defendants N.C. Monroe Construction Company and Travelers Casualty & Surety Company of America from an order entered 15 December 2003 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 27 January 2005.

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

*Vann & Sheridan, L.L.P., by James W. Sprouse, Jr. and James R. Vann, for plaintiff-appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Michael D. Meeker, Clinton R. Pinyan, and Caroline R. Heil, for defendant-appellants N.C. Monroe Construction Company and Travelers Casualty & Surety Company of America.*

HUNTER, Judge.

N.C. Monroe Construction Company ("defendant-Monroe"), Travelers Casualty & Surety Company of America ("defendant-Travelers"), and Diversified Fire Protection of Wilmington, Inc. ("defendant-Diversified") appeal from an order entered 15 December 2003 granting summary judgment to HSI North Carolina, LLC ("plaintiff") and denying summary judgment to defendants.

The issues in this case are whether the trial court erred in: (1) granting summary judgment to plaintiff and denying summary judgment to defendants as a matter of law, (2) finding plaintiff was entitled as a matter of law to the awarded damages, (3) failing to find plaintiff's claim was barred by equitable estoppel, (4) rejecting defendants' defense of accord and satisfaction, and (5) denying defendants' motion for continuance. As we find no error, we affirm the trial court's decision.

On 10 June 2001, defendant-Monroe entered into a prime contract with the North Carolina State Ports Authority for the Transit Shed T-6 Expansion Project ("Port Project"). The Port Project was bonded, as required by N.C. Gen. Stat. § 44A-26 (2003), by defendant-Travelers. Defendant-Monroe subcontracted with defendant-Diversified to install a fire protection system for the Port Project. Defendant-Diversified assigned the project to another corporation also owned by the owner of defendant-Diversified ("Wilmington"), for performance of the fire protection installation. Wilmington, after approval of a credit application, purchased materials needed for the project from plaintiff beginning 4 September 2001 and continuing until 10 January 2002. Plaintiff was not paid by Wilmington for the materials. On 15 March 2002, within 120 days of last furnishing materials, plaintiff gave written notice to defendant-Monroe of the payment bond claim as required by N.C. Gen. Stat. § 44A-27(b) (2003).

Plaintiff brought suit against defendants to recover payment for materials used in the Port Project. After a period of discovery, both parties moved for summary judgment. On 15 December 2003, the trial

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

court granted summary judgment in plaintiff's favor, awarded damages in the amount of $91,676.09 plus interest, and denied defendants' motion for summary judgment. Defendants appeal from this order.

I.

[1] Defendants first contend the trial court erred in granting summary judgment to plaintiff and denying summary judgment to defendants as a matter of law. Defendants argue the definition of subcontractor in N.C. Gen. Stat. § 44A-25(6) (2003), which governs the relevant act, does not encompass a second-tier subcontractor, and therefore plaintiff, who contracted with a second-tier subcontractor, has no claim under the statute.

N.C. Gen. Stat. §§ 44A-25-35 (2003) control payment and performance bonds for state construction contracts. For the purposes of this Act, commonly known as the Little Miller Act, the term subcontractor is defined in § 44A-25(6) as "any person who has contracted to furnish labor or materials to, or who has performed labor for, a contractor or another subcontractor in connection with a construction contract." *Id.* Under § 44A-27(b), the statute specifies that:

> Any claimant who has a direct contractual relationship with any subcontractor but has no contractual relationship, express or implied, with the contractor may bring an action on the payment bond only if he has given written notice to the contractor within 120 days from the date on which the claimant performed the last of the labor or furnished the last of the materials for which he claims payment[.]

*Id.*

Our Supreme Court has held that:

> "In resolving issues of statutory construction, we look first to the language of the statute itself." It is a well-established rule of statutory construction that " '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' "

*Walker v. Bd. of Trustees of the N.C. Local Gov't. Emp. Ret. Sys.*, 348 N.C. 63, 65-66, 499 S.E.2d 429, 430-31 (1998) (citations omitted). Here, the language is clear and unambiguous. The legislature has specifically defined the term in question, subcontractor, to include both

**HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.**

[169 N.C. App. 767 (2005)]

individuals who have contracted to provide materials directly to the contractor, as well as those who have contracted with subcontractors, sometimes referred to as first- and second-tier subcontractors, under the construction contract. The language of § 44A-27, further, specifically provides that a claimant who has a direct contractual relationship with any subcontractor may bring an action on the payment bond. *Id.* By its plain language, therefore, the statutory definition includes first and second-tier subcontractors to the construction contract.

Here, plaintiff contracted to furnish materials to Wilmington, a second-tier subcontractor, who had subcontracted with defendant-Diversified, a first-tier subcontractor, to install the fire protection system under defendant-Diversified's contract with defendant-Monroe, the prime contractor. Under the statutory definition in § 44A-25(6), defendant-Diversified qualifies as a subcontractor, that is a party who had contracted to perform labor for a contractor, defendant-Monroe, in connection with a construction contract. Likewise, Wilmington also qualifies as a subcontractor, that is a party who had contracted to perform labor for a subcontractor, defendant-Diversified, in connection with a construction contract.[1] Plaintiff, therefore, under the plain language of the statute, is a claimant with a direct contractual relationship with a subcontractor, but with no contractual relationship, express or implied, with the contractor. Thus, under the terms of § 44A-27(b), plaintiff is entitled to bring an action on the payment bond if notice to the contractor is given within the requisite 120 days.

Defendants contend that as our courts have not previously interpreted this provision of the Little Miller Act, federal precedent must control. Such is not the case. Our courts have previously noted that guidance can be obtained from federal interpretations of the Miller Act, on which our corresponding state act is modeled, but have not held such interpretations to be binding. *Syro Steel Co. v. Hubbell Highway Signs, Inc.*, 108 N.C. App. 529, 534, 424 S.E.2d 208, 211 (1993). Further, in this case, such federal precedent would be of no use. Unlike the federal Miller Act, which provides no definition of subcontractor, *MacEvoy v. United States*, 322 U.S. 102, 108, 88 L. Ed. 1163, 1168 (1944), as noted *supra*, our state statute specifically

---

1. We note, however, that although we find Wilmington, a second-tier subcontractor, to qualify under the terms of the statute, we do not reach the question as to whether a third-tier subcontractor would qualify under the statute, as this question is not presently before us.

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

defines subcontractor in the context of the statute. N.C. Gen. Stat. § 44A-25(6).

As plaintiff has a statutory right to seek payment from defendants under N.C. Gen. Stat. § 44A-27, we therefore find the trial court did not err in denying defendants' motion for summary judgment as a matter of law.

## II.

In related assignments of error, defendants contend that the trial court erred in failing to find that estoppel barred plaintiff's claim for both failure to mitigate damages and falsification of information, and that, therefore, the trial court erred in finding plaintiff was entitled as a matter of law to the awarded damages. We disagree.

[2] Defendants first argue plaintiff had a duty to mitigate damages, and that in failing to notify defendant-Monroe immediately as to Wilmington's failure to pay, plaintiff is barred from recovery of the unpaid debt.

As our courts have not yet addressed the issue of whether a claimant under a payment bond has a duty to mitigate damages through notification prior to the statutory requirements of § 44A-27, we look to interpretations of the parallel federal statute for guidance. *See McClure Estimating Co. v. H. G. Reynolds Co.*, 136 N.C. App. 176, 181, 523 S.E.2d 144, 147 (1999). In *United States v. Greene Electrical Serv. of Long Island, Inc.*, 379 F.2d 207, 210 (2d Cir. 1967), similar to the facts of the instant case, the plaintiff supplied materials to a subcontractor, who had falsified proof of payment to the contractor under a government contract. *Id.* The plaintiff timely notified the contractor of its claim as required by statute. *Id.* The defendant alleged that the plaintiff was estopped from collecting the debt due to its failure to notify the defendant of the lack of payment from the subcontractor when the issue had first arisen. *Id.* The *Greene* Court held that to estop the plaintiff "under these circumstances from asserting its claim for payment would destroy the effectiveness of the statutory scheme by imposing an additional, judicially-created requirement on claimants." *Greene*, 379 F.2d at 210.

Such an argument is persuasive to this Court. Our legislature has instituted specific time limitations for notification to provide certainty for all parties as to claims for payments upon a payment bond. To require other, less definite requirements for notification would

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

create uncertainty and undermine our statutory scheme. As plaintiff's notice was timely given according to the statutory requirements, the trial court therefore properly found no estoppel for failure to mitigate in plaintiff's lack of earlier notification.

[3] Defendants further contend that plaintiff, through its silence, colluded with Wilmington, who falsified affidavits to defendant-Monroe that plaintiff had been paid, and that plaintiff is estopped from recovery as a result.

The North Carolina Rules of Civil Procedure require a party to affirmatively set forth any matter constituting an avoidance or affirmative defense, N.C. Gen. Stat. § § 1A-1, Rule 8(c) (2003), and our courts have held the failure to do so creates a waiver of the defense. *See Robinson v. Powell*, 348 N.C. 562, 566, 500 S.E.2d 714, 717 (1998). Neither defendants' original nor amended answer include an affirmative defense of estoppel as to plaintiff's collusion with Wilmington to falsify payments. Defendants therefore have waived this defense by failing to affirmatively assert estoppel as to plaintiff.

However, even if properly asserted, defendants fail to show factual evidence that supports such a position. Estoppel may be asserted for false representations or acquiescence to false representations made by the claimant under the Miller Act. *See United States v. Monaco and Son, Inc.*, 336 F.2d 636, 639 (4th Cir. 1964), *Greene*, 379 F.2d at 210. However, in a motion for summary judgment, "the question before the Court is whether the pleadings, discovery documents, and affidavits support a finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Stanley v. Walker*, 55 N.C. App. 377, 378, 285 S.E.2d 297, 298 (1982). "The burden is upon the movant to establish the absence of any issue of fact, and once satisfied, the opposing party must come forward with facts, rather than mere allegations, which controvert the moving party's case." *Id.*

Here, defendants presented no evidence to the trial court which showed plaintiff's acquiescence to false representations by defendant-Wilmington. Defendants contend that admission of an affidavit ("May affidavit") submitted on 26 November 2003 would provide such evidence. However, the trial court excluded the May affidavit from the record, as it was submitted less than two business days before the hearing on the motion. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003) requires that if an

774            IN THE COURT OF APPEALS

HSI N.C., LLC v. DIVERSIFIED FIRE PROTECTION OF WILMINGTON, INC.

[169 N.C. App. 767 (2005)]

opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require.

*Id.*

A decision to admit and consider evidence offered at a summary judgment hearing is committed to the trial court's discretion . . . [and] will not be disturbed on appeal absent a showing that the decision was manifestly unsupported by reason, or "that it was so arbitrary that it could not have been the result of a reasoned decision."

*Pierson v. Cumberland County Civic Ctr. Comm'n*, 141 N.C. App. 628, 634, 540 S.E.2d 810, 814-15 (2000) (citations omitted). Here, as there is no showing of an abuse of discretion on the part of the trial court, the decision to refuse admittance of the May affidavit will not be disturbed.

As plaintiff is not estopped from recovery by failure to notice defendants beyond the statutory requirements, and as defendants failed to properly plead the affirmative defense of estoppel as to plaintiff's alleged falsification of information, and further provided no factual evidence of such falsification, we find the trial court did not err in granting plaintiff summary judgment and in awarding damages.

III.

[4] In their next assignment of error, defendants contend the trial court erred in rejecting defendants' defense of accord and satisfaction. Defendants argue that plaintiff's settlement with Wilmington constituted an accord and satisfaction for the debt as to the Port Project materials and, therefore, plaintiff may not seek recovery on the extinguished debt. We disagree.

Plaintiff executed a settlement agreement which settled all claims between plaintiff and Wilmington, with the exception that plaintiff would continue to pursue its claim against defendant-Monroe and defendant-Travelers for the Port Project account, and that if such suit were unsuccessful, Wilmington would remain liable for the remainder of the debt.

Defendants rely on a Pennsylvania case where the plaintiff had settled all debts with the subcontractor, then sought to exercise its statutory remedy and recover on the same debt from the contractor. *See City of Philadelphia v. Joseph S. Smith Roofing, Inc.*, 599 A.2d 222, 230 (Pa. Super. 1991). Here, however, plaintiff omitted the debt owed under the Port Project from the settlement agreement with Wilmington, specifying that such debt would be discharged only to the extent that plaintiff recovered from defendant-Monroe and defendant-Travelers in the lawsuit already commenced against those parties. As plaintiff had a statutory right to pursue a claim against defendants under § 44A-27, as established *supra* in Part 1, and as plaintiff specifically did not extinguish the underlying debt as to the Port Project in its settlement agreement, we find the trial court properly rejected this defense.

[5] In their final assignment of error, defendants contend the trial court erred in denying defendants' motion for continuance. "Motions to continue pursuant to Rule[] 56(f) . . . of our Rules of Civil Procedure are granted in the trial court's discretion. . . . Absent an abuse of discretion, the court's ruling will not be disturbed on appeal." *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 721, 496 S.E.2d 607, 611 (1998) (citations omitted). As a review of the record fails to reveal an abuse of discretion on the part of the trial court in denying defendants' motion for continuance, this assignment of error is overruled.

In summary, we find the trial court properly denied summary judgment to defendants and granted summary judgment and awarded damages to plaintiff as a matter of law. We further find the trial court did not err in rejecting arguments that plaintiff's claim was barred by equitable estoppel or by the doctrine of accord and satisfaction, and in denying defendants' motion for continuance.

Affirmed.

Judges BRYANT and JACKSON concur.