THE ESTATE OF JANICE SPELL, WILLIE E. SPELL, ADMINISTRATOR, AND THE ESTATE OF WILLIE R. SPELL, WILLIE E. SPELL, ADMINISTRATOR, PLAINTIFFS v. FIRAS GHANEM, TARBORO CLINIC, P.A., JAMES EUGENE KENDALL, JR., DAVID W. LEE, MALANA K. MOSHESH, ELIZABETH M. REINOEHL, TARBORO WOMEN'S CENTER, P.A., EAST CAROLINA HEALTH-HERITAGE, INC., D/B/A HERITAGE HOSPITAL, DEFENDANTS

No. COA05-353

(Filed 20 December 2005)

**Appeal and Error— appealability—amendment of complaint—interlocutory order—sanctions**

An appeal from a pretrial order allowing an amended complaint was dismissed, and sanctions were imposed under Appellate Procedure Rule 34, where the order was clearly interlocutory and the substantial rights cited by defendant were either required to be raised first at the trial level (estoppel, the statute of limitations, and Rule 9(j)) or were not substantial rights (avoiding trial). Sanctions were awarded because a final resolution of the matter was needlessly delayed, the resources of the Court of Appeals needlessly wasted, and piecemeal appeals were created.

Appeal by defendant from order entered 5 October 2004 by Judge Milton F. Fitch, Jr., in Edgecombe County Superior Court. Heard in the Court of Appeals 3 November 2005.

*Faison & Gillespie, by John W. Jensen, and Kristen L. Beightol, for plaintiffs-appellees.*

*Harris, Creech, Ward and Blackerby, P.A., by R. Brittain Blackerby, Marie C. Moseley, and Charles E. Simpson, Jr., for defendant-appellant.*

LEVINSON, Judge.

Defendant East Carolina Health Heritage, Inc., d/b/a Heritage Hospital (the hospital), appeals from a pretrial order allowing plaintiffs to amend their complaint. We dismiss.

On 13 October 2003 plaintiffs (estates of Janice Spell and Willie R. Spell, by administrator Willie E. Spell) filed suit against several physicians and medical institutions. Plaintiffs alleged that in 2001 Janice Spell was pregnant, with a predicted delivery date in February 2002. On 13 November 2001 Janice was admitted to the hospital for treatment of various symptoms. Her symptoms worsened, and on 15 November 2001 Janice's unborn child, Willie R. Spell, died *in utero*. Janice died on 16 November 2001, and an autopsy determined the cause of death to be thrombotic thrombocytopenic purpura (TTP). Plaintiffs' complaint alleged that a proximate cause of the deaths of Janice and Willie R. Spell was defendants' negligent failure to properly diagnose and treat Janice's TTP. Plaintiffs sought damages from individual defendant physicians for medical malpractice, and from defendant hospital on the grounds that the hospital was liable for the negligence of its employees and agents under the doctrines of *respondeat superior* or agency.

On 1 July 2004 plaintiffs filed a motion to amend their complaint to include additional allegations in their claim against defendant hospital. Plaintiffs asked to add allegations of negligence by the nurses and nursing staff of defendant hospital as part of the basis for liability under the doctrines of *respondeat superior* or agency. Plaintiffs submitted a proposed amended complaint with their motion, in which such allegations were added. On 5 October 2004 the trial court granted plaintiffs' motion to amend their complaint, and ordered that "[d]efendants shall have twenty-five (25) days from September 1, 2004, the date on which they were made aware of the Court's ruling on Plaintiff's Motion to Amend Complaint, to file their Answers to the Amended Complaint." From this order defendant appeals.

Preliminarily we address plaintiffs' motion for dismissal and for sanctions. Plaintiff argues first that defendant's appeal should be dismissed as interlocutory. We agree.

An order "is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by

the trial court in order to settle and determine the entire contro-versy." *Veazey v. Durham*, 231 N.C. 354, 362, 57 S.E.2d 377, 381 (1950) (citations omitted). "[A]n interlocutory order is immediately appeal-able only under two circumstances. . . . [One] situation in which an immediate appeal may be taken from an interlocutory order is when the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (citation omitted); *see* N.C. Gen. Stat. § 1-277(a) (2003) ("appeal may be taken from every judicial order . . . which affects a substantial right"); N.C. Gen. Stat. § 7A-27(d)(1) (2003) (granting appeal of right from "any inter-locutory order . . . [a]ffect[ing] a substantial right").

In the instant case, the parties agree that the order allowing amendment of plaintiffs' complaint is interlocutory, and that the dis-positive issue is whether defendant's appeal implicates any substan-tial right that will be lost without immediate review. "The appealabil-ity of interlocutory orders pursuant to the substantial right exception is determined by a two-step test. '[T]he right itself must be sub-stantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judg-ment.' " *Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 395, 399 S.E.2d 137, 138-39 (1991) (quoting *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)).

Defendant argues that, without immediate review, it will lose the right to avoid trial altogether by (1) raising the statute of limitations as an affirmative defense; (2) raising "estoppel by laches" as an affir-mative defense; or (3) having plaintiffs' amended complaint dis-missed for failure to comply with the pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j) (2003). On this basis, defendant contends that "not one, but three substantial rights will be lost absent immedi-ate review." We disagree.

First, these are issues that are properly raised at the trial level. "A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the claim." *Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 472 S.E.2d 778 (1996) (citing *Hargett v. Holland*, 337 N.C. 651, 653, 447 S.E.2d 784, 786 (1994)).

In addition, defendant's legal premise, that an amended complaint must always be filed within the statute of limitations, is unsound. Under N.C. Gen. Stat. § 1A-1, Rule 15(c) (2003), an amended com-

plaint "is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." The North Carolina Supreme Court has held that relation back is not defeated by the statute of limitations:

> We hold that the determination of whether a claim asserted in an amended pleading relates back does not hinge on whether a time restriction is deemed a statute of limitation or repose. Rather, the proper test is whether the original pleading gave notice of the transactions, occurrences, or series of transactions or occurrences which formed the basis of the amended pleading. If the original pleading gave such notice, the claim survives by relating back in time without regard to whether the time restraint attempting to cut its life short is a statute of repose or limitation.

*Pyco Supply Co. Inc. v. American Centennial Ins. Co.*, 321 N.C. 435, 440-41, 364 S.E.2d 380, 383 (1988). Thus, even upon a proper motion for dismissal in the trial court, the parties would need to litigate the issue of whether the original complaint gave sufficient notice of the transactions and occurrences alleged in the amended complaint.

We also disagree with defendant's assertion that the only way to challenge plaintiffs' purported failure to comply with Rule 9(j) is by immediate appellate review of the court's order allowing plaintiffs to file an amended complaint. Rule 9 provides that a claim alleging medical malpractice "shall be dismissed unless" certain requirements are met. A defendant's motion to dismiss based on failure to comply with Rule 9(j) should be brought at the trial level. *See Thigpen v. Ngo*, 355 N.C. 198, 199, 558 S.E.2d 162, 163 (2002) (upholding "order of the trial court dismissing plaintiff's complaint alleging medical malpractice because of plaintiff's failure to comply with Rule 9(j)").

Estoppel also should be litigated at the trial level. Indeed, N.C. Gen. Stat. § 1A-1, Rule 8 (2003) requires that affirmative defenses such as laches, estoppel, or the statute of limitations be raised by answer or counterclaim:

> The North Carolina Rules of Civil Procedure require a party to affirmatively set forth any matter constituting an avoidance or affirmative defense, N.C. Gen. Stat. §§ 1A-1, Rule 8(c) [(2005)], and our courts have held the failure to do so creates a waiver of the defense. Neither defendants' original nor amended answer

**ESTATE OF SPELL v. GHANEM**

[175 N.C. App. 191 (2005)]

include an affirmative defense of estoppel[.] . . . Defendants therefore have waived this defense by failing to affirmatively assert estoppel as to plaintiff.

*HSI v. Diversified Fire*, 169 N.C. App. 767, 773, 611 S.E.2d 224, 228 (2005) (citing *Robinson v. Powell*, 348 N.C. 562, 566, 500 S.E.2d 714, 717 (1998)).

N.C.R. App. P. 10(b)(1) provides in relevant part that "to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . . [and] obtain[ed] a ruling upon the party's request, objection or motion."

We conclude that defendant's proposed "substantial rights" consist of issues that defendant must raise at the trial level to preserve for review. In the instant case, none of the issues addressed by defendant were brought before the trial court. Consequently, defendant's appeal is <u>not only</u> interlocutory in that it is brought before final judgment has been entered, but <u>also</u> attempts to obtain review of matters that defendant has not even preserved for appellate review were we now reviewing a final judgment. We conclude that no substantial right will be lost by failure to allow immediate review of the trial court's order allowing plaintiffs to amend their complaint. Accordingly, defendant's appeal must be dismissed.

Plaintiffs have also moved for imposition of sanctions against defendant under N.C.R. App. P. Rule 34(a)(1), which provides in pertinent part that this Court may impose sanctions "against a party or attorney or both when the court determines that an appeal or any proceeding in an appeal was frivolous because . . . the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]"

Defendant appeals from an order that is clearly interlocutory, and argues that immediate appeal is required to protect its "substantial right" to raise the issues of estoppel, the statute of limitations, and compliance with Rule 9(j). As discussed above, these issues must be raised at the trial level, which defendant has not done. Moreover, defendant argues that pretrial review is necessary because otherwise it will lose forever the "right" to avoid the expense and inconvenience of a trial. However, "avoidance of a trial is not a 'substantial right' that would make such an interlocutory order appealable under G.S. 1-277

or G.S. 7A-27(d)." *Howard v. Ocean Trail Convalescent Center,* 68 N.C. App. 494, 495, 315 S.E.2d 97, 99 (1984) (citing *Davis v. Mitchell,* 46 N.C. App. 272, 265 S.E. 2d 248 (1980)).

We conclude that defendant's appeal was neither based on existing law, nor on a good faith argument for a change in the existing law, and determine that sanctions pursuant to Rule 34 should be awarded. This Court does not frequently award sanctions pursuant to Rule 34, but we conclude it is necessary and appropriate to do so in this case. This appeal has needlessly delayed a final resolution of this matter for all parties; needlessly wasted the resources of this Court; and needlessly created "piecemeal appeals" should defendant be later handed an adverse final judgment from which it seeks appellate review.

The trial court shall determine the reasonable amount of attorneys' fees incurred by plaintiffs in responding to this appeal. The court shall require defendant to pay the same within fifteen (15) days of the entry of its order.

Dismissed.

Judges McCULLOUGH and ELMORE concur.