LORNA WILLIAMSON, ANTHONY LINDSAY, WARNETTA WILLIAMSON, PARTHENIA SHOFFNER, PAULETTE HEARD, ANTOINETTE SMITH, PAULA PINNIX, CAROLYN CARR, ANGELA KENT, and WANDA BROWN, Plaintiffs,
v.
WOODARD FUNERAL HOME, INC., Defendant.
No. COA07-182
Court of Appeals of North Carolina.
Filed January 15, 2008
This Case not for publication.
Lonnie G. Albright, III, and William G. Barbour, for plaintiffs-appellants.
Pinto, Coates, Kyre & Brown, PLLC, by Richard L. Pinto and David G. Harris, II, for defendant-appellee.
STEELMAN, Judge.
The trial court properly granted summary judgment in favor of defendant when plaintiffs failed to forecast sufficient evidence to support a claim of negligence or negligent infliction of emotional distress. Because plaintiffs submitted the affidavit of Dr. Kaur less than two days before the hearing on defendant's motion for summary judgment, the trial court did not abuse its discretion in refusing to consider the affidavit. The court did not abuse its discretion in refusing to allow plaintiffs to amend their complaint.

I. Factual Background
With the exception of plaintiff Parthenia Shoffner (Shoffner), Lorna Williamson, Anthony Lindsay, Warnetta Williamson, Paulette Heard, Antoinette Smith, Paula Pinnix, Carolyn Carr, Angela Kent, and Wanda Brown (hereinafter collectively referred to as "plaintiffs") are the children of Paul Williamson, Jr. ("decedent"). Shoffner is the sister of decedent. Woodard Funeral Home, Inc. ("defendant") is a funeral home located in Guilford County.
Decedent passed away on 2 July 2004, and on 3 July 2004 plaintiff Lorna Williamson contacted Reginald C. Woodard (Woodard), vice-president of defendant, and requested that the body of decedent be transferred from the hospital to defendant's facility. The body was transferred on 3 July 2004, and Woodard contacted plaintiff Shoffner on that day to make funeral arrangements.
On 4 July 2004, plaintiffs decided to use a less expensive funeral home, and attempted to contact Woodard to have the body transferred to the other funeral home, Allen & Associates. Woodard was out of town because of the 4 July holiday. Plaintiffs became extremely agitated when they could not contact Woodard, and went to the Guilford County magistrate, the Guilford County Sheriff, and the Greensboro Police. An employee of Allen & Associates reached Woodard by cell phone. Woodard then called Douglas Arledge (Arledge), another employee of defendant, and arranged for him to meet Clifton Quick (Quick), an employee of Allen & Associates at defendant's facility to transfer the body.
Arledge covered the body with a sheet and moved it to the covered loading dock of defendant. Upon the arrival of Quick, accompanied by plaintiffs Lorna Williamson, Warnetta Williamson, Carolyn Carr, Paula Pinnix, and two police officers, the body was transferred to Allen & Associates. It was raining during the transfer, which took place under the covered loading dock. The transfer took approximately fifteen minutes.
Plaintiffs Lorna Williamson and Shoffner filed a complaint on 12 July 2004 with the North Carolina Board of Funeral Service, alleging that defendant embalmed the body without permission, negligently transferred the body, and displayed a "lack of understanding and respect for the grieving family members . . ." T he Board's Disciplinary Committee investigated the complaint and determined that plaintiffs' complaint should be dismissed, indicating that the Committee found no violation of the North Carolina General Statutes and concluded that further investigation was unnecessary. The Board agreed with the Committee, and plaintiffs' complaint was dismissed.
On 22 September 2005, plaintiffs filed an unverified complaint in the Superior Court of Guilford County. This complaint alleged the following negligent conduct on the part of defendant: (1) embalming the body without written permission; (2) failing to release the body upon demand of plaintiffs; (3) pushing the body onto a loading dock in the midst of a thunderstorm and leaving it there; (4) failing to properly embalm the body; and (5) failing to keep and maintain the body in accordance with the laws of North Carolina and the requirements of the North Carolina Funeral Board. The complaint further alleged that as a result of defendant's conduct, each plaintiff suffered severe emotional distress.
On 30 May 2006 plaintiffs filed a motion to amend the complaint. Plaintiffs subsequently withdrew the 30 May 2006 motion and filed another motion to amend the complaint on 27 September 2006. Defendant filed a motion for summary judgment on 4 October 2006. On 25 October 2006 plaintiffs filed a revised motion to amend the complaint. The parties' motions were heard by Judge Benjamin G. Alford on 6 November 2006 in Guilford County Superior Court. The trial court considered numerous affidavits, depositions, and discovery materials. On 27 November 2006, Judge Alford entered an order granting defendant's motion for summary judgment and denying plaintiffs' motion to amend the complaint. Plaintiffs appeal.

II. Summary Judgment
In their first argument, plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment. We disagree.
"Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" Pacheco v. Rogers & Breece, Inc.,157 N.C. App. 445, 447, 579 S.E.2d 505, 507 (2003) (citations and quotations omitted). The burden of showing no triable issue of fact is on the moving party. Id. at 447, 579 S.E.2d at 507. Once the moving party makes this showing, "the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial." Id. at 448, 579 S.E.2d at 507 (citation omitted). The evidence presented must be viewed in the light most favorable to the non-movant. Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). "If the trial court grants summary judgment, the decision should be affirmed on appeal if there is any ground to support the decision." Nifong v. C.C. Mangum, Inc., 121 N.C. App. 767, 768, 468 S.E.2d 463, 465 (1996) (citation omitted).
"Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." Dunning v. Warehouse Co., 272 N.C. 723, 725, 158 S.E.2d 893, 895 (1968) (citation omitted).

A. Embalming Without Written Permission
Plaintiffs first contend that the trial court erred in granting summary judgment because defendant was negligent in embalming decedent's body without plaintiffs' written permission. We disagree.
We first note that plaintiffs have made no showing that the rules of the North Carolina Board of Funeral Service, as governed by Article 13A of Chapter 90 of the North Carolina General Statutes, require written permission. Further, Woodard testified in his deposition that plaintiff Shoffner gave him oral permission to do the embalming.
Assuming arguendo that plaintiffs did not give defendant permission to embalm the body of decedent, and that defendant breached a duty owed to plaintiffs by embalming the body, we must determine whether plaintiffs have stated a claim of negligent infliction of emotional distress.
The elements of a claim for negligent infliction of emotional distress are:
(1) the defendant negligently engaged in conduct,
(2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . ., and
(3) the conduct did in fact cause the plaintiff severe emotional distress.
Pancheco, 157 N.C. App. at 449, 579 S.E.2d at 507-8 (quoting Johnson v. Ruark Obstetrics, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)). In a claim for negligent infliction of emotional distress, the emotional distress which must be foreseeable is severe emotional distress; "mere temporary fright, disappointment or regret will not suffice." Ruark, 327 N.C. at 304, 395 S.E.2d at 97.
In the instant case, plaintiffs do not contend that they suffered emotional distress due to the embalming of decedent's body. To the contrary, it is clear that plaintiffs intended to have the body embalmed. Their complaint instead arises from the fact that it was defendant who embalmed the body, and not someone else.
We hold that it was not foreseeable that the embalming by defendant would cause plaintiffs severe emotional distress. At most, it may have been foreseeable that plaintiffs would experience "mere temporary . . . disappointment or regret." However, such disappointment or regret does not rise to the level of severe emotional distress sufficient to state a claim for negligent infliction of emotional distress. An essential element of plaintiffs' claim of negligent infliction of emotional distress is non-existent, and the trial court did not err in granting summary judgment in favor of defendant.See Robblee v. Budd Servs., Inc., 136 N.C. App. 793, 797, 525 S.E.2d 847, 850 (2000).
This argument is without merit.

B. Failure to Release Decedent's Body
Plaintiffs next contend that the trial court erred in granting summary judgment because defendant "failed and refused to surrender the body of plaintiffs' decedent." We disagree.
The evidence in the record does not support plaintiffs' contention. Although the day on which plaintiffs requested the transfer was a holiday, and as such special accommodations were required to coordinate the transfer, the evidence reveals that defendant did not refuse to transfer the body, and the body of decedent was transferred to Allen & Associates on the same day of plaintiffs' request. During the deposition of plaintiff Lorna Williamson, defense counsel asked if, "[a]t any time. . . Reggie Woodard [said] ' I will not allow you to get your father's body?'" Plaintiff Williamson responded "No. He said, 'I'm out of town.'" This testimony is consistent with that of all parties involved in the incident.
Plaintiffs' forecast of evidence is insufficient to create a genuine issue of fact as to whether defendant failed and refused to release the body. Therefore, plaintiffs could not establish that defendant was negligent in failing to exercise proper care in the performance of a legal duty. We hold that the trial court correctly granted summary judgment on this issue.
This argument is without merit.

C. Negligence
Finally, plaintiffs contend that defendant negligently transferred decedent's body, failed to properly embalm the body, and failed to "keep and maintain the body in accordance with the laws of North Carolina and the requirements of the North Carolina Funeral Board." We disagree.
The practice in North Carolina is to require expert testimony as to the applicable standard of care whenever a negligence action is brought against a professional or other individual who works in an area where the standard of care involves "highly specialized knowledge with respect to which a layman can have no reliable information." An exception to this rule . . . arises where the "common knowledge and experience of the [fact finder] is sufficient to evaluate compliance with a standard of care." This exception applies when professional conduct is so grossly negligent that lay knowledge is sufficient to "make obvious the shortcomings of the professional."
Associated Indus. Contr'rs, Inc. v. Fleming Eng'g, Inc., 359 N.C. 296, 301, 608 S.E.2d 757, 760 (2005) (citations omitted). Without expert testimony to establish defendant's professional standard of care and breach thereof, a plaintiff cannot establish a claim of negligence.See Handex of the Carolinas, Inc. v. County of Haywood, 168 N.C. App. 1, 10-11, 607 S.E.2d 25, 31 (2005).
Plaintiffs presented no evidence to the trial court of the professional standard of care in the funeral home industry for their claims of negligence. Nothing in plaintiffs' affidavits, depositions, or other discovery materials presented a standard against which the trial court could evaluate defendant's conduct. We therefore hold that there was no genuine issue of material fact as to whether defendant's conduct conformed to the relevant professional standard of care, and the trial court properly granted summary judgment. See Handex, 168 N.C. App. at 10-11, 607 S.E.2d at 31.
Further, plaintiffs' forecast of evidence does not raise an issue of whether defendant was "so grossly negligent that lay knowledge is sufficient to make obvious the shortcomings of the professional."Associated Indus. Contr'rs, Inc., 359 N.C. at 301, 608 S.E.2d at 760 (citations and quotations omitted).
At all times during the transfer of decedent's body, the body was covered by a sheet. Arledge stated during his deposition that the body was kept under the shelter of the overhang of the funeral home prior to the transfer. Regarding the embalming of the body, plaintiffs' alleged in their complaint that: 56. The funeral director of Allen and Associates confirmed to plaintiffs that the body of plaintiffs' decedent had been been [sic] embalmed but noted no mutilation or readily apparent harm to the body of plaintiffs' decedent.
We hold that the conduct of defendant did not rise to a level of gross negligence, and plaintiffs' forecast of evidence is insufficient to establish negligence absent expert testimony of the relevant standard of care.
As the trial court properly dismissed plaintiffs' negligence claims, we need not address the trial court's dismissal of plaintiffs' claims of negligent infliction of emotional distress. See Pancheco, 157 N.C. App. at 452, 579 S.E.2d at 509 ("When a plaintiff fails to produce any evidence of an essential element of her claim, the trial court's grant of summary judgment is proper.").

III. Affidavit of Dr. Rupinder Kaur
In their second argument, plaintiffs contend that the trial court erred in not allowing the affidavit of Dr. Rupinder Kaur. We disagree.
The North Carolina Rules of Civil Procedure provide that a party against whom a motion for summary judgment has been filed "may serve opposing affidavits at least two days before the hearing." N.C.R. Civ. P. 56(c) (2005). The rule further states that:
If the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require.
Id. (emphasis added). The decision as to which course of action taken is within the discretion of the trial court, and will not be disturbed on appeal absent a showing of abuse of discretion. HSI N.C., LLC v. Diversified Fire Prot. of Wilmington, Inc., 169 N.C. App. 767, 774, 611 S.E.2d 224, 228 (2005).
Plaintiffs sought to admit an affidavit of Dr. Kaur, plaintiff Lorna Williamson's treating physician, on 7 November 2006. Defendant's motion for summary judgment was heard on the following day, 8 November 2006. The trial court excluded Dr. Kaur's affidavit from the record, as it was submitted less than two business days before the hearing on the motion.
We hold the trial court did not abuse its discretion in refusing to admit the affidavit of Dr. Kaur. This argument is without merit.

IV. Motion to Amend Complaint
In their final argument, plaintiffs contend that the trial court erred in refusing to allow plaintiffs to amend their complaint. We disagree.
Rule 15(a) of the North Carolina Rules of Civil Procedure reads in pertinent part:
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
N.C.R. Civ. P. 15(a) (2005).
Although courts are generally liberal in permitting parties to amend pleadings pursuant to Rule 15(a), amendments should not be allowed "where the party objecting can show material prejudice by the granting or denial of a motion to amend." Pressman v. UNC-Charlotte, 78 N.C. App. 296, 305, 337 S.E.2d 644, 650 (1985) (citation omitted). It is in the discretion of the trial court to allow the motion to amend, and the exercise of that discretion "is not reviewable absent a clear showing of an abuse of discretion." Edwards v. Edwards, 43 N.C. App. 296, 298, 259 S.E.2d 11, 13 (1979). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).
"Although a trial court is not required to state specific reasons for denial of a motion to amend, . . . reasons that would justify a denial are '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.'"Chicopee, Inc. v. Sims Metal Works, 98 N.C. App. 423, 430, 391 S.E.2d 211, 216 (1990) (citation omitted). "Absent any declared reason for denial of leave to amend, the appellate court may examine any apparent reasons for such denial." Coffey v. Coffey, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989) (citation omitted). Plaintiffs filed their lawsuit on 22 September 2005. Each of the ten plaintiffs alleged negligence and negligent infliction of emotional distress. On 30 May 2006 plaintiffs filed a motion to amend the complaint. Plaintiffs subsequently withdrew the 30 May 2006 motion and filed another motion to amend the complaint on 27 September 2006, which added four new causes of action to their original complaint. After defendant filed its motion for summary judgment on 4 October 2006, plaintiffs filed a Revised Motion to Amend Complaint on 25 October 2006. The revised motion added two additional causes of action, and added the word "foreseeable" to various paragraphs of the complaint.
Plaintiffs' first motion to amend their complaint was filed over a year after the original complaint was filed. Plaintiffs' revised motion to amend complaint was filed just three months before the trial date for the case. During the year, defendant had completed extensive discovery, including taking six depositions, and serving interrogatories and requests for production of documents on each of the ten plaintiffs.
Although the trial court did not specify the particular reason for the denial of plaintiffs' motion to amend, the record clearly indicates that there was a potential for undue prejudice and undue delay to defendant.
As a potential for undue prejudice and undue delay is a "valid basis for the court's exercise of discretion in denying a motion to amend[,]" we hold that plaintiffs have failed to show that the trial court's refusal to allow their motion to amend the complaint was "manifestly unsupported by reason." See Clark, 301 N.C. at 129, 271 S.E.2d at 63.
This argument is without merit.
AFFIRMED.
Judges BRYANT and GEER concur.
Report per Rule 30(e).